UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY, #252393,

                    Plaintiff,

v.                                   CIVIL NO. 06-CV-11856
                                   HONORABLE GERALD E. ROSEN

LINDA BECKWITH, ET AL.,

                    Defendants.

_____/

## **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**
## **AND TRANSFER TO THE WESTERN DISTRICT OF MICHIGAN**

**I.**    **Introduction**

       Plaintiff, Gregory Hardy, a state prisoner presently confined at the Southern Michigan

Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint pursuant to

42 U.S.C. § 1983 alleging several violations of his constitutional rights against 13 Michigan

Department of Corrections employees.  Four defendants, Deputy Warden Travis Jones, ARUS

Smith, ARUS Schort, and ARUS Merkie ("Parnall defendants"), are employed at the Parnall

Correctional Facility in Jackson, Michigan.  Three defendants, Assistant Deputy Warden Linda

Beckwith, RUM Cooley, and RUO Rohrig, are employed at the Florence Crane Correctional

Facility in Coldwater, Michigan.  Three defendants, Assistant Librarian Shannon Green, RUO

Bosley, and ARUS Willis, are employed at the Straits Correctional Facility in Kincheloe,

Michigan.  One defendant, RUO Gustafson, is employed at the Kinross Correctional Facility in

Kincheloe, Michigan.  One defendant, RUM J. Larson, is employed at the Marquette Branch

Prison in Marquette, Michigan.  One defendant, Hearing Officer C. Falkenstein, is based in

Lansing, Michigan.

1

Dockets.Justia.com

As to the Parnall defendants, Plaintiff alleges that those defendants transferred him to Marquette Branch Prison in retaliation for his filing of grievances while housed at Parnall and that they engaged in conspiracy with other defendants to violate his rights.  Plaintiff seeks monetary damages.  Petitioner asserts that he has exhausted his administrative remedies.

Having reviewed Plaintiff's complaint, the Court now dismisses it, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and transfers the case to the United States District Court for the Western District of Michigan for further proceedings.

## II.  <u>Discussion</u>

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.  To state a federal civil rights claim, a plaintiff must

2

show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Carlson v. Green*, 446 U.S. 14, 18-23 (1979); *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that the Parnall defendants transferred him to Marquette Branch Prison to retaliate against him for filing grievances and that they conspired with other defendants to violate his rights. *See* Complaint, pp. 7-8. It is well-established that a prisoner has no inherent constitutional right to be housed in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Moreover, Michigan law does not create a protected liberty interest for a prisoner in remaining in a particular facility. Mich. Comp. Laws § 791.265; *DeWalt v. Warden*, 112 Mich. App. 313, 317-18 (1982); *see also Leaphart v. Donovan*, 35 F.3d 566, 1994 WL 42172, *1 (6th Cir. Aug. 10, 1994). Thus, to the extent that Plaintiff generally contests his transfer to Marquette Branch Prison, his claim lacks an arguable basis in law and must be dismissed as frivolous.

The Court is mindful that government officials may not retaliate against persons for engaging in constitutionally protected conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). The United States Court of Appeals for the Sixth Circuit has concluded that a prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc); *cf. Ward, supra*, 58 F.3d at 274-75 (transferring prisoner who filed numerous grievances was permissible to ease prison officials' administrative burden). A retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an

3

adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, *i.e.*, the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus-X*, 175 F.3d at 394. The plaintiff bears the burden of proof on all three elements.

Plaintiff must therefore allege and establish that the exercise of the protected right was a substantial or motivating factor in the Parnall defendants alleged retaliatory conduct. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). Plaintiff has not done so in this case. He merely asserts, in conclusory fashion, that the Parnall defendants transferred him because he filed grievances. He does not allege any facts to support this assertion. He does not allege what grievances were filed, when they were filed, or against whom they were filed. He does not allege facts to show an improper motive or to establish a causal connection between any exercise of constitutionally protected activity and his prison transfer. Bare allegations of malice are insufficient to establish a constitutional claim. *See Crawford-El v. Britton*, 523 U.S. 574, 588; *Thaddeus-X*, 175 F.3d at 399. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to state a claim upon which relief may be granted. *See Murray v. Unknown Evert*, 84 Fed. Appx. 553, 556 (6th Cir. 2003) (citing cases).

Similarly, Plaintiff's allegations of conspiracy and other unconstitutional conduct as to the Parnall defendants are vague and conclusory. A federal court need not accept as true legal conclusions, or vague and conclusory allegations of a conspiracy, to create a valid claim under 42 U.S.C. § 1983 when none exists. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Plaintiff has not alleged any facts to establish a conspiracy involving the Parnall defendants. Consequently, he has failed to state a claim upon which relief may be granted and his complaint must be dismissed.

III.    **Conclusion**

Based upon the foregoing, the Court concludes that Plaintiff has failed to state a claim

upon which relief may be granted under 42 U.S.C. § 1983 as to the Parnall defendants.

Accordingly, the Court **ORDERS** that Plaintiff's complaint against those defendants is

**DISMISSED WITH PREJUDICE**.

Given the dismissal of the Parnall defendants, the Court further concludes that this case

should be transferred to the United States District Court for the Western District of Michigan.

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is

the judicial district where:  (1) any defendant resides if all defendants reside in the same state;

(2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial

part of the property in question is situated; or (3) any defendant may be found if there is no other

district in which plaintiff may bring the action.  *See* 28 U.S.C. § 1391(b).  Public officials

"reside" in the county where they serve.  *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir.

1972).  Additionally, a district court may transfer a civil action to any other district where it

might have been brought for the convenience of the parties and witnesses, in the interest of

justice.  *See* 28 U.S.C. § 1404(a).

The United States District Court for the Western District of Michigan is the proper venue

and more convenient forum for this action.  The remaining defendants reside in Branch,

Chippewa, Marquette, and Ingham Counties for purposes of this complaint and the events giving

rise to the complaint occurred in those counties.  Branch and Ingham Counties lie in the

Southern Division of the Western District of Michigan.  *See* 28 U.S.C. § 102(b)(1).  Chippewa

and Marquette Counties lie in the Northern Division of the Western District of Michigan.  *See* 28

U.S.C. § 102(b)(2).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case

to the United States District Court for the Western District of Michigan. *See* 28 U.S.C. §§

1391(b) and 1404(a).

Lastly, the Court concludes that an appeal from this order would be frivolous and

therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*,

369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 3, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on
May 3, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREGORY HARDY, #252393,

               Plaintiff,

v.                                   CIVIL NO. 06-CV-11856
                                   HONORABLE GERALD E. ROSEN


LINDA BECKWITH, ET AL.,

               Defendants.

_____/


## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
## AND TRANSFER TO THE WESTERN DISTRICT OF MICHIGAN

**I.**      **Introduction**

      Plaintiff, Gregory Hardy, a state prisoner presently confined at the Southern Michigan

Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint pursuant to

42 U.S.C. § 1983 alleging several violations of his constitutional rights against 13 Michigan

Department of Corrections employees.  Four defendants, Deputy Warden Travis Jones, ARUS

Smith, ARUS Schort, and ARUS Merkie ("Parnall defendants"), are employed at the Parnall

Correctional Facility in Jackson, Michigan.  Three defendants, Assistant Deputy Warden Linda

Beckwith, RUM Cooley, and RUO Rohrig, are employed at the Florence Crane Correctional

Facility in Coldwater, Michigan.  Three defendants, Assistant Librarian Shannon Green, RUO

Bosley, and ARUS Willis, are employed at the Straits Correctional Facility in Kincheloe,

Michigan.  One defendant, RUO Gustafson, is employed at the Kinross Correctional Facility in

Kincheloe, Michigan.  One defendant, RUM J. Larson, is employed at the Marquette Branch

Prison in Marquette, Michigan.  One defendant, Hearing Officer C. Falkenstein, is based in

Lansing, Michigan.

As to the Parnall defendants, Plaintiff alleges that those defendants transferred him to Marequette Branch Prison in retaliation for his filing of grievances while housed at Parnall and that they engaged in conspiracy with other defendants to violate his rights. Plaintiff seeks monetary damages. Petitioner asserts that he has exhausted his administrative remedies.

Having reviewed Plaintiff's complaint, the Court now dismisses it, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and transfers the case to the United States District Court for the Western District of Michigan for further proceedings.

## II.    Discussion

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must

show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Carlson v. Green*, 446 U.S. 14, 18-23 (1979); *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that the Parnall defendants transferred him to Marquette Branch Prison to retaliate against him for filing grievances and that they conspired with other defendants to violate his rights. *See* Complaint, pp. 7-8. It is well-established that a prisoner has no inherent constitutional right to be housed in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Moreover, Michigan law does not create a protected liberty interest for a prisoner in remaining in a particular facility. Mich. Comp. Laws § 791.265; *DeWalt v. Warden*, 112 Mich. App. 313, 317-18 (1982); *see also Leaphart v. Donovan*, 35 F.3d 566, 1994 WL 42172, *1 (6th Cir. Aug. 10, 1994). Thus, to the extent that Plaintiff generally contests his transfer to Marquette Branch Prison, his claim lacks an arguable basis in law and must be dismissed as frivolous.

The Court is mindful that government officials may not retaliate against persons for engaging in constitutionally protected conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). The United States Court of Appeals for the Sixth Circuit has concluded that a prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc); *cf. Ward, supra*, 58 F.3d at 274-75 (transferring prisoner who filed numerous grievances was permissible to ease prison officials' administrative burden). A retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an

3

adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, *i.e.*, the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus-X*, 175 F.3d at 394. The plaintiff bears the burden of proof on all three elements.

Plaintiff must therefore allege and establish that the exercise of the protected right was a substantial or motivating factor in the Parnall defendants alleged retaliatory conduct. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). Plaintiff has not done so in this case. He merely asserts, in conclusory fashion, that the Parnall defendants transferred him because he filed grievances. He does not allege any facts to support this assertion. He does not allege what grievances were filed, when they were filed, or against whom they were filed. He does not allege facts to show an improper motive or to establish a causal connection between any exercise of constitutionally protected activity and his prison transfer. Bare allegations of malice are insufficient to establish a constitutional claim. *See Crawford-El v. Britton*, 523 U.S. 574, 588; *Thaddeus-X*, 175 F.3d at 399. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to state a claim upon which relief may be granted. *See Murray v. Unknown Evert*, 84 Fed. Appx. 553, 556 (6th Cir. 2003) (citing cases).

Similarly, Plaintiff's allegations of conspiracy and other unconstitutional conduct as to the Parnall defendants are vague and conclusory. A federal court need not accept as true legal conclusions, or vague and conclusory allegations of a conspiracy, to create a valid claim under 42 U.S.C. § 1983 when none exists. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Plaintiff has not alleged any facts to establish a conspiracy involving the Parnall defendants. Consequently, he has failed to state a claim upon which relief may be granted and his complaint must be dismissed.

III.    **Conclusion**

Based upon the foregoing, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to the Parnall defendants. Accordingly, the Court **ORDERS** that Plaintiff's complaint against those defendants is **DISMISSED WITH PREJUDICE**.

Given the dismissal of the Parnall defendants, the Court further concludes that this case should be transferred to the United States District Court for the Western District of Michigan. The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where:  (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action.  *See* 28 U.S.C. § 1391(b).  Public officials "reside" in the county where they serve.  *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  Additionally, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice.  *See* 28 U.S.C. § 1404(a).

The United States District Court for the Western District of Michigan is the proper venue and more convenient forum for this action.  The remaining defendants reside in Branch, Chippewa, Marquette, and Ingham Counties for purposes of this complaint and the events giving rise to the complaint occurred in those counties.  Branch and Ingham Counties lie in the Southern Division of the Western District of Michigan.  *See* 28 U.S.C. § 102(b)(1).  Chippewa and Marquette Counties lie in the Northern Division of the Western District of Michigan.  *See* 28 U.S.C. § 102(b)(2).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case

to the United States District Court for the Western District of Michigan. *See* 28 U.S.C. §§

1391(b) and 1404(a).

      Lastly, the Court concludes that an appeal from this order would be frivolous and

therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*,

369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

      **IT IS SO ORDERED.**

                    s/Gerald E. Rosen                   
                    Gerald E. Rosen
                    United States District Judge

Dated:  May 3, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on
May 3, 2006, by electronic and/or ordinary mail.

                    s/LaShawn R. Saulsberry           
                    Case Manager

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY, #252393,

          Plaintiff,

v.                                  CIVIL NO. 06-CV-11856
                                  HONORABLE GERALD E. ROSEN

LINDA BECKWITH, ET AL.,

          Defendants.

_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND TRANSFER TO THE WESTERN DISTRICT OF MICHIGAN

**I.**    **Introduction**

Plaintiff, Gregory Hardy, a state prisoner presently confined at the Southern Michigan

Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint pursuant to

42 U.S.C. § 1983 alleging several violations of his constitutional rights against 13 Michigan

Department of Corrections employees. Four defendants, Deputy Warden Travis Jones, ARUS

Smith, ARUS Schort, and ARUS Merkie ("Parnall defendants"), are employed at the Parnall

Correctional Facility in Jackson, Michigan. Three defendants, Assistant Deputy Warden Linda

Beckwith, RUM Cooley, and RUO Rohrig, are employed at the Florence Crane Correctional

Facility in Coldwater, Michigan. Three defendants, Assistant Librarian Shannon Green, RUO

Bosley, and ARUS Willis, are employed at the Straits Correctional Facility in Kincheloe,

Michigan. One defendant, RUO Gustafson, is employed at the Kinross Correctional Facility in

Kincheloe, Michigan. One defendant, RUM J. Larson, is employed at the Marquette Branch

Prison in Marquette, Michigan. One defendant, Hearing Officer C. Falkenstein, is based in

Lansing, Michigan.

1

As to the Parnall defendants, Plaintiff alleges that those defendants transferred him to Marequette Branch Prison in retaliation for his filing of grievances while housed at Parnall and that they engaged in conspiracy with other defendants to violate his rights. Plaintiff seeks monetary damages. Petitioner asserts that he has exhausted his administrative remedies.

Having reviewed Plaintiff's complaint, the Court now dismisses it, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and transfers the case to the United States District Court for the Western District of Michigan for further proceedings.

## II.    <u>Discussion</u>

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must

2

show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Carlson v. Green*, 446 U.S. 14, 18-23 (1979); *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that the Parnall defendants transferred him to Marquette Branch Prison to retaliate against him for filing grievances and that they conspired with other defendants to violate his rights. *See* Complaint, pp. 7-8.  It is well-established that a prisoner has no inherent constitutional right to be housed in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995).  Moreover, Michigan law does not create a protected liberty interest for a prisoner in remaining in a particular facility. Mich. Comp. Laws § 791.265; *DeWalt v. Warden*, 112 Mich. App. 313, 317-18 (1982); *see also Leaphart v. Donovan*, 35 F.3d 566, 1994 WL 42172, *1 (6th Cir. Aug. 10, 1994).  Thus, to the extent that Plaintiff generally contests his transfer to Marquette Branch Prison, his claim lacks an arguable basis in law and must be dismissed as frivolous.

The Court is mindful that government officials may not retaliate against persons for engaging in constitutionally protected conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).  The United States Court of Appeals for the Sixth Circuit has concluded that a prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc); *cf. Ward, supra*, 58 F.3d at 274-75 (transferring prisoner who filed numerous grievances was permissible to ease prison officials' administrative burden).  A retaliation claim has three elements:  (1) the plaintiff engaged in protected conduct; (2) an

adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, *i.e.*, the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus-X*, 175 F.3d at 394. The plaintiff bears the burden of proof on all three elements.

Plaintiff must therefore allege and establish that the exercise of the protected right was a substantial or motivating factor in the Parnall defendants alleged retaliatory conduct. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). Plaintiff has not done so in this case. He merely asserts, in conclusory fashion, that the Parnall defendants transferred him because he filed grievances. He does not allege any facts to support this assertion. He does not allege what grievances were filed, when they were filed, or against whom they were filed. He does not allege facts to show an improper motive or to establish a causal connection between any exercise of constitutionally protected activity and his prison transfer. Bare allegations of malice are insufficient to establish a constitutional claim. *See Crawford-El v. Britton*, 523 U.S. 574, 588; *Thaddeus-X*, 175 F.3d at 399. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to state a claim upon which relief may be granted. *See Murray v. Unknown Evert*, 84 Fed. Appx. 553, 556 (6th Cir. 2003) (citing cases).

Similarly, Plaintiff's allegations of conspiracy and other unconstitutional conduct as to the Parnall defendants are vague and conclusory. A federal court need not accept as true legal conclusions, or vague and conclusory allegations of a conspiracy, to create a valid claim under 42 U.S.C. § 1983 when none exists. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Plaintiff has not alleged any facts to establish a conspiracy involving the Parnall defendants. Consequently, he has failed to state a claim upon which relief may be granted and his complaint must be dismissed.

4

III.    **Conclusion**

Based upon the foregoing, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to the Parnall defendants. Accordingly, the Court **ORDERS** that Plaintiff's complaint against those defendants is **DISMISSED WITH PREJUDICE**.

Given the dismissal of the Parnall defendants, the Court further concludes that this case should be transferred to the United States District Court for the Western District of Michigan. The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Additionally, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice. *See* 28 U.S.C. § 1404(a).

The United States District Court for the Western District of Michigan is the proper venue and more convenient forum for this action. The remaining defendants reside in Branch, Chippewa, Marquette, and Ingham Counties for purposes of this complaint and the events giving rise to the complaint occurred in those counties. Branch and Ingham Counties lie in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Chippewa and Marquette Counties lie in the Northern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case

5

to the United States District Court for the Western District of Michigan.  *See* 28 U.S.C. §§

1391(b) and 1404(a).

Lastly, the Court concludes that an appeal from this order would be frivolous and

therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*,

369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**




s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 3, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on
May 3, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager